IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESS BAIR; TRISHA LEE LOTUS; BRUCE EDWARDS; JEFFREY HEDIN; DAVID SPREEN; ENVIRONMENTAL INFORMATION PROTECTION CENTER, a non-profit corporation; CENTER FOR BIOLOGICAL DIVERSITY, a non-profit corporation; and CALIFORNIANS FOR ALTERNATIVES TO TOXICS, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF TRANSPORTATION; MALCOLM DOUGHERTY, in his official capacity as Director of the California Department of Transportation,<br><br>Defendants. | No. C 14-03422 WHA<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND VACATING HEARING** |

**INTRODUCTION**

In this follow-on litigation to a NEPA action, plaintiffs seek attorney's fees against a California state agency under the Equal Access to Justice Act. For the following reasons, the motion is **DENIED**.

**STATEMENT**

Previous orders in the underlying environmental-impact litigation recount the facts of this case in detail (Dkt. No. 146, Case No. C-10-4360-WHA). In brief, plaintiffs filed their complaint in the underlying NEPA action to prevent the widening of a portion of United States Highway 101 that runs through Richardson Grove State Park, a forest of old-growth redwood trees. The undersigned judge ordered defendants California Department of Transportation and Director Malcolm Dougherty (collectively, "Caltrans") to take steps to comply with relevant laws governing environmental-impact review. The underlying case ended and the parties

1    resolved their attorney's fees and costs after mediation and a judicially-supervised settlement
2    conference in late 2012. *See Bair v. California Department of Transportation*, No. C-10-4360-
3    WHA, 867 F. Supp. 2d 1058 (N.D. Cal. Apr. 4, 2012).
4         State-court litigation ensued. Then, plaintiffs concluded that Caltrans had not complied
5    with the undersigned judge's order in the underlying NEPA action and filed this follow-on
6    action. Caltrans moved to dismiss the first-amended complaint. Plaintiffs filed nothing in
7    response. Two weeks later, the parties stipulated, and the undersigned judge then ordered,
8    dismissal of this follow-on action without prejudice under Rule 41. Plaintiffs now file their only
9    motion in this case, a motion for $125,299.35 in attorney's fees and $1,433.35 in costs, under the
10   Equal Access to Justice Act. This order follows full and supplemental briefing
11   (Amd. Compl. ¶¶ 104, 114; Dkt. Nos. 31–38).

**ANALYSIS**

13        This order denies plaintiffs' motion for attorney's fees for the following reasons.
14   *First*, plaintiffs cannot recover fees from a state agency under the EAJA.
15        A court may award fees under 28 U.S.C. 2412(d)(1) (emphasis added):

> in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, ***brought by or against the United States*** in any court having jurisdiction of that action, unless the court finds that the position of the ***United States***, was substantially justified or that special circumstances make an award unjust.

19        Here, plaintiffs did not bring claims for relief against the United States, its agencies, or its
20   officials. Rather, plaintiffs brought claims for relief against a California agency and official.
21        No federal court has ever held that the EAJA authorizes an award of fees in an action
22   against a state, state agency, or its officials. The undersigned judge requested that the parties
23   provide on-point authority on just this issue (Dkt. No. 56). In response, plaintiffs filed a six-page
24   brief and supporting declarations and exhibits — in disregard of a request limiting supplemental
25   briefing to five pages and disallowing attachments — in which plaintiffs cited neither binding
26   precedent nor on-point authority. Plaintiffs cite to dicta from a Kentucky district court decision.
27   The Kentucky decision provides little guidance because a federal agency was a named party to
28   the action there. Courts do not, and this order does not, award fees against a state agency under

2

the EAJA when the United States is not a named party. *See, e.g.*, *Sierra Club, Inc. v. Electronic Controls Design*, 909 F.2d 1350, 1356 (9th Cir. 1990).

Nevertheless, to be as fair to plaintiffs as possible, the Court, on its own, reviewed more than 600 EAJA decisions. No federal court (or state court) has ever awarded EAJA fees against a state agency. In these circumstances, there is simply no authority to order the relief sought.

*Second*, plaintiffs' motion is untimely. To be timely, a party must request fees within thirty days of final judgment. 28 U.S.C. 2412(d)(1)(B). A judgment is final when the time to appeal has expired. *Arulampalam v. Gonzalez*, 399 F.3d 1087, 1088 (9th Cir. 2005). For purposes of the EAJA, a stipulation of voluntary dismissal without prejudice is final, not appealable, and triggers the thirty-day clock. *See Bryan v. Office of Personnel Management*, 165 F.3d 1315, 1320–21 (10th Cir. 1999). A plaintiff may not appeal a voluntary dismissal without prejudice. *Coursen v. A.H. Robins Company*, 764 F.2d 1329, 1342 (9th Cir. 1985), *amended by Coursen v. A.H. Robins Company*, 773 F.2d 1049 (9th Cir. 1985). Therefore, the thirty-day clock begins to run from the time of dismissal.

The undersigned judge approved the parties' stipulation and dismissed the action without prejudice on December 4, one day after the parties filed their stipulation. Nonetheless, plaintiffs did not request fees until March, two months after the time for requesting fees, January 5, 2015, passed (Dkt. Nos. 35–36, 38).

Even assuming *arguendo* plaintiffs' claim that a stipulation of voluntary dismissal without prejudice could be appealed, plaintiffs' motion is untimely. Plaintiffs argue that "under Fed. R. App. Pro. (4)(a) the deadline for anyone to appeal the Stipulated Order was February 2, 2015" (Reply at 6). Not so. Rule 4(a) only extends the time to appeal to sixty days if the United States, its agencies, or its officials are parties to the suit. The named parties to this action do not include the United States, a federal agency, or a federal official. Plaintiffs had thirty days, not sixty days, to appeal. They should have then filed their motion by February 4.

Finally, plaintiffs submit no evidence that they met and conferred prior to filing their motion for attorney's fees. This is an additional reason that counsels against awarding fees in

3

this matter. *See Ibrahim v. Department of Homeland Security*, No. C-06-00545-WHA, 2014 WL 1493561, at *5 (N.D. Cal. Apr. 15, 2014) (collecting cases).

**CONCLUSION**

Plaintiffs' motion for attorney's fees is **DENIED**. The hearing on **APRIL 9** is **VACATED**.

**IT IS SO ORDERED.**

Dated: March 31, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4